No. 4518.

STATE ex rel. RECORDER OF MORTGAGES v. CHARLES CLINTON, Auditor.

Where the plaintiff prayed for a mandamus to compel the Auditor to issue to him warrants on the State Treasury for compensation for mortgages recorded by him under the section 67 of act 42 of 1871, at the rate of $1 50 per each mortgage, in accordance with the roll which he had furnished to the Auditor, and which is in the Auditor's possession;

Held—That there is nothing in the record showing that the amount claimed exceeds five hundred dollars and vests jurisdiction in this court. It may be above or below that sum. The jurisdiction of the court must be apparent from the pleadings. It can not be guessed at.

The Recorder of Mortgages is not mentioned in section 52 of act 42 of 1871, and this court can not supply the omission, if it be an omission.

If the relator has registered mortgages in favor of the State and the State has not paid him therefor, and his compensation is not otherwise provided for by law, and his legal demands have not been complied with, he may have his recourse against the State, but his remedy is not by mandamus against the Auditor.

APPEAL from the Superior District Court, parish of Orleans. *Haw-kins*, J. *Horner* and *Benedict*, for relator and appellant. *A. P. Field*, Attorney General for respondent and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

MORGAN, J. Section 67 of the acts of 1871 (act No. 42) provides that, in New Orleans, a list of delinquent taxpayers shall be recorded

and sent to the Auditor of Public Accounts, on or before the second Monday of December of each year, with a proper certificate thereto affixed.

The relator prays that the auditor be compelled to issue to him warrants on the State Treasury in his favor for compensation for mortgages recorded by him under the law quoted, at the rate of one dollar and fifty cents for each mortgage, in accordance with the roll which he has furnished to the auditor, and which is in his (the auditor's) possession.

He claims payment for these services under the fifty-second section of the act referred to, which provides that:

" The assessors and tax collectors in the city of New Orleans, and the tax collectors of the other parishes of the State, and all others herein named in connection with the assessment and collection of taxes, shall be paid by the State Treasurer, on the warrant of the Auditor of Public Accounts, out of any moneys in the treasury not otherwise appropriated."

There are good reasons why this application should be refused.

*First*—We are entirely in the dark as to the amount which is sought to be taken from the treasury in this claim, and we, therefore, are not informed as to whether we have jurisdiction in the matter. We have no appellate jurisdiction except in cases where the amount claimed, or in dispute, exceeds five hundred dollars, and we do not think that the mere demand that " the auditor be ordered to issue his warrants on the State Treasurer in favor of the relator for compensation at the rate of one dollar and fifty cents each for the mortgages recorded as aforesaid, as appears by the roll in possession of said auditor, or show cause to the contrary on a day to be fixed by the court," is any basis for our assuming, even if we were permitted to do so, that the amount claimed exceeded five hundred dollars, when the roll upon which the claim is based is not in the record, particularly when we find in the record an acknowledgment of the recorder in the shape of a receipt for $1537 60, paid by the auditor for " certified copies of delinquent tax lists for 1871 of the First, Second, Third, Fourth, Fifth and Sixth Districts of the city of New Orleans, containing 768,796 words, as per certificates hereunto attached, and at twenty cents per hundred words." We may be passing upon a claim involving many thousands of dollars, but the matter in dispute may not after all be over five hundred dollars. Our jurisdiction must be apparent from the pleadings; we can not guess at it.

*Second*—The fifty-second section of the act upon which the relator relies, refers alone to the payment of assessors and tax collectors; the Recorder of Mortgages is not mentioned therein, and we can not supply the omission, if it be an omission.

*Third*—The Register of Conveyances and Recorder of Mortgages of the city of New Orleans are, by the 3172d section of the Revised Statutes, entitled to $1 50 for each registry of mortgage. If the relator has registered mortgages in favor of the State, and the State has not paid him therefor, and his compensation is not otherwise provided for by law, and his legal demands have not been complied with, he may have his recourse against the State ; but his remedy is not by mandamus against the auditor.

For these reasons the judgment of the lower court is affirmed, with costs.

Rehearing refused.